UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN LEE GRAY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:08CV429 CDP |
| UNITE HERE - LOCAL 56A, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on defendants' motion to dismiss. Plaintiff filed this pro se Title VII discrimination complaint alleging that his employment was terminated and that he was retaliated against because of his race, color, and gender. Plaintiff names his union and its business agent as defendants. Plaintiff's complaint fails to state a claim for employment discrimination against Karen Burnett under Title VII. See Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1997) ("Our court quite recently has squarely held that supervisors may not be held individually liable under Title VII.").

However, I reject the union's argument that it is not named as a defendant in this case. It is named as a defendant in the caption of the complaint, and its address and business agent are included in the body of plaintiff's complaint. The

factual allegations relate to the union, and process was served on "Unite Here - Local 56A." Because the union is a defendant in this case, I cannot dismiss the entire case merely because I am dismissing the claims against Karen Burnett individually. For this reason, the motion to dismiss the claims against the union must be denied.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [#6] is granted in part and denied in part, and plaintiff's claims against Karen Burnett individually are dismissed, and the motion to dismiss the complaint against defendant Unite Here- Local 56A is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of May, 2008.

---

[1] Unions may be liable for discrimination under Title VII. <u>Dowd v. United Steel Workers of America, Local No. 286</u>, 253 F.3d 1093, 1102 (8th Cir. 2001).